UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNE M. ALLEN,<br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security<br>Administration,<br><br>    Defendant. | CIVIL ACTION<br>NO. 16-40058-TSH |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (Docket No. 12) AND DEFENDANT'S MOTION TO AFFIRM THE COMMISSIONER'S DECISION (Docket No. 16)**
**September 29, 2017**

HILLMAN, D.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner" or "SSA") denying the application of Joanne Allen ("Plaintiff") for Social Security Disability Insurance Benefits. Plaintiff filed a motion for judgment on the pleadings (Docket No. 12) seeking a reversal of the Commissioner's decision. The Commissioner filed a cross-motion seeking an order affirming the decision of the Commissioner (Docket No. 16).[2] For the reasons set forth below, Defendant's motion is ***granted*** and Plaintiff's motion is ***denied***.

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn W. Colvin. See Fed. R. Civ. P. 25(d).
[2] A transcript of the Social Security Administration Official Record (*"AR."*) has been filed with the court under seal. (Docket No. 11). Citations to the AR page numbers are those assigned by the agency and appear on the lower right hand corner of each page.

**Discussion**

The parties are familiar with the factual history of this case, the standard of review, and the applicable five-step sequential analysis. Accordingly, the court will review the procedural and substantive history of the case as it relates to the arguments set forth by the Plaintiff.

Plaintiff filed an application for disability benefits (DIB) on April 10, 2013, alleging disability as of August 1, 2002 (AR. 483-86). The application was denied initially (AR. 402-09, 419-22), and on reconsideration (AR. 410-18, 425-27), and Plaintiff requested a hearing with an ALJ (AR. 428-29). On September 15, 2014, ALJ Addison C.S. Masengill held a hearing at which Plaintiff, represented by counsel, appeared and testified (AR. 364-401). Plaintiff's husband testified in support of her application, and an independent vocational expert also appeared and testified (AR. 364-401). The ALJ issued a decision on November 21, 2014, finding that Plaintiff was not disabled at any time relevant to the decision (AR. 136-52). On March 18, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security (AR. 1-7). This case is now ripe for review under 42 U.S.C. § 405(g).

*The ALJ's Findings*

At step one in his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date of August 1, 2002, and her date last insured of September 30, 2008. (AR. 141). At step two, the ALJ found that Plaintiff had severe impairments of diabetes mellitus, obesity, hypertension, high cholesterol, peripheral neuropathy, right elbow pain tendonitis, plantar fasciitis with some neuropathy, heel pain, bursitis, and tendonitis (AR. 141-42). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any listed impairments (AR. 142). Prior to proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work as defined

in 20 C.F.R. § 404.1567(b), except that she was limited to only four hours of standing and walking in an eight-hour day; could not use any foot or leg controls; would need to avoid exposure to heights, ladders, ropes, and scaffolding; and was further limited to no more than incidental exposure to extremes of cold and vibration (AR. 142-47). At step four, the ALJ relied on testimony from a vocational expert (VE) in finding that Plaintiff could perform her past relevant work as a claims clerk (AR. 147). The ALJ thus found that Plaintiff was not disabled (AR. 147).

In seeking to reverse the decision, Plaintiff first argues that the ALJ erred by not calling on the services of a medical advisor to determine the onset date of her disabling impairments. Second, Plaintiff argues that, in assessing the Plaintiff's Residual Functional Capacity (RFC), the ALJ did not take into account all of Plaintiff's severe impairments in assessing more limitations.

## *Whether the ALJ Was Required to Call on the Services of a Medical Advisor*

Plaintiff asserts that based on the medical evidence in the record, it could be reasonably inferred that the onset of her disabling condition occurred prior to the date last insured. She then argues that if the ALJ did not find sufficient proof of such a disabling condition in the medical record, in accordance with Social Security Ruling ("SSR") 83-207, he should have called on the services of a medical advisor. The Respondent argues that because the ALJ did not find that Plaintiff was disabled at any point during the insured period, he was not required to obtain medical expert testimony.

Pursuant to SSR 83-20, where Commissioner has determined the claimant is disabled, the ALJ must establish the onset of the disability. *See* SSR 83–20, 1983 WL 31249, at *1 (S.S.A.1983).

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first

3

> recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

*Id*., at *3.

Plaintiff's claim fails in the first instance because "[a]n ALJ is not required to consider SSR 83–20 unless the ALJ first finds that the claimant was disabled at some point prior to the date last insured." *Silverio v. Astrue*, No. CIV.A. 10–40202–FDS, 2012 WL 996857, at *6 (D.Mass. Mar. 21, 2012). In this case, the ALJ determined that Plaintiff was not disabled during the relevant period. However, even if I were to assume that SSR-83-20 applies, for the following reasons Plaintiff's argument fails.

Where the onset date must be inferred from the medical and other evidence describing the history and symptomatology of the disease process, SSR 83–20 directs the ALJ to retain the assistance of a medical advisor. *See Mason v. Apfel*, 2 F.Supp.2d 142, 150 (D.Mass. 1998). In this case, the record evidence was unambiguous that Plaintiff was not disabled during the insured period, that is, it was not necessary to infer an onset date.

State agency physicians such as Dr. Perel and Dr. McFee are medical specialists who are experts in Social Security disability evaluation. 20 C.F.R. § 404.1527(e)(2)(i). Their opinions must be considered by the ALJ as medical expert opinion evidence. *Id*. Both physicians reviewed Plaintiff's record and provided opinions regarding her residual functional capacity as of her date last insured. The ALJ thus obtained evidence from two medical advisors regarding the issue of whether her impairments were disabling as of her date last insured. In so doing, the ALJ relied on precise medical evidence establishing that her impairments were not disabling on or before

September 30, 2008. *See Fischer v. Colvin*, 831 F.3d 31, 36 (1st Cir. 2016) (diagnostic findings supported ALJ's determination that medical evidence showed claimant's impairments were not disabling prior to DLI). Therefore, it was not necessary for the ALJ to call on the services of a medical advisor. *See Silverio*, 2012 WL 31249 (ALJ required to call on medical expert on after first making a finding of disability; where ALJ found no objective support for finding of disability during insured period, no medical expert was necessary).

*Failure to Consider Severe Impairments in RFC Assessment*

In her second argument, Plaintiff argues that the ALJ erred because he ignored medical evidence and the opinions of state agency consulting physicians and did not assess more limitations to her RFC to account for her severe impairments that the ALJ found at Step 2. The Commissioner argues that the RFC is supported by substantial evidence.

In Plaintiff's RFC finding, the ALJ limited Plaintiff to light work as defined in 20 C.F.R. § 404.1567(b), except she was limited to standing and walking for four hours in an eight-hour workday (AR. 142). The ALJ additionally limited Plaintiff to no use of foot or leg controls, no exposure to heights, ladders, ropes, and scaffolds, and no more than incidental exposure to extremes of cold and vibration (AR. 142). In her argument, Plaintiff gives a full summary review of her medical records, but fails to specify the limitations she claims that her impairments require. The court is not inclined to do so for her. *See Perez v. Colvin,* 2014 WL 6905599, at *3 (D. Mass. Dec. 4, 2014)*, citing Carlton v. Social Sec. Admin. Com'r,* No. 10–00463, 2011 WL 4433660, at *5 (D.Me. Sept. 21, 2011) (claimant has the burden to put forth the medical evidence necessary to establish his impairments and the degree to which they limit his functional capacity).

From the record, it is clear that the ALJ determined Plaintiff's RFC by considering all of the medical evidence available to him and incorporated appropriate limitations based on those conditions. It is left to an administrative law judge to resolve conflicts in evidence and, where such determinations are supported by the record, they are to be affirmed. *See Irlanda Ortiz v. Secretary of Health and Human Serv.*, 955 F.2d 756, 769 (1991) (even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion."). Plaintiff has failed to identify any specific limitation that the ALJ erroneously excluded from the RFC finding. Plaintiff has not me her burden of proving that her limitations prevent her from returning to that past relevant work.

## **Conclusion**

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings Reversing Decision of the Commissioner (Docket No. 12) is ***denied*** and Defendant's Motion for Order Affirming the Commissioner's Decision (Docket No. 16) is ***granted***.

**SO ORDERED**.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE